W. E. EDENFIELD, ALIAS BILL EDENFIELD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed June 27, 1925.

Petition for Rehearing denied July 27, 1925.

In a criminal prosecution where proceedings *in pais* that are complained of on writ of error were not excepted to and were not inherently prejudicial, and the charges given are full and fairly accurate, and requested charges were either inaccurate or had already in substance been given, and the verdict is amply supported by the evidence, no material errors appearing, a conviction of manslaughter will be sustained by the appellate court.

A Writ of Error to the Circuit Court for Jackson County; Amos Lewis, Judge.

Affirmed.

*Carter & Solomon*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *Marvin C. McIntosh*, Assistant, for the State.

WHITFIELD, J.—Upon an indictment charging murder in the first degree, Edenfield was convicted of manslaughter, and took writ of error.

The bill of exceptions states that "the court required the defendant, before the taking of evidence to submit to the court all special instructions he desired." There was no exception taken to this proceeding and the defendant asked no further or other opportunity to offer additional special instructions.

It appears that the defendant with an unloaded gun in his hand and loaded shells for the gun in his pocket, went into the store of the decedent to complain that the decedent had injured the defendant's hogs. An altercation occurred in the store during which the decedent secured a pistol that was in the store and fired once. The defendant left the store, loaded his gun, retreated about forty feet and as the deceased appeared at the door of his store with a pistol in his hand pointed towards the defendant, the latter fired the fatal shot, which the jury reasonably could have found from the evidence was not justified.

It is argued that charges relating to the law of self-defense as given were either inaccurate as legal propositions, or were not applicable to the facts and circumstances of the homicide adduced in evidence

Taken as an entirety the general charges given were substantially in accord with the principles of law applicable to the evidence; and inaccuracies, if any, in the requested charges given could not reasonably have been prejudicial to the defendant in view of the evidence and of other charges given. The refused charges, if legally accurate, were substantially covered by other charges given. If an aggressor "must have wilfully and intentionally provoked the difficulty" to deprive him "of his plea of self-defense," there is evidence from which such wilful and intentional conduct of the defendant as aggressor may be inferred. No objection was made to giving the Assistant State Attorney time to prepare special requested charges and no harm appears from giving the time. The special charges requested and given may well have been refused because not legally accurate and because sufficient charges had been given; but in view of the convincing nature of the evidence, the full and fair charges given, and the lack of probability that the legal inaccuracies of requested charges could have pre-

judiced the defendant in the minds of the jury, the giving of the charges prepared and requested by the Assistant State Attorney will not justify a reversal of the judgment.

Affirmed .

WEST, C. J., and TERRELL and STRUM, J. J., concur.